**Opinion issued July 10, 2014**



In The

# Court of Appeals

For The

# First District of Texas

_____

**NO. 01-13-00713-CR**
**NO. 01-13-00714-CR**
**NO. 01-13-00715-CR**
**NO. 01-13-00716-CR**

_____

**RAYMOND INGRAM, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1380456, 1380457, 1380458, 1380459**

## MEMORANDUM OPINION

Appellant, Raymond Ingram, pleaded (1) guilty to four separate offenses of

aggravated robbery in trial court case numbers 1380456, 1380457, 1380458, and

1380459; and (2) true to the allegations in two felony enhancement paragraphs

contained in each case. *See* TEX. PENAL CODE ANN. § 12.42 (West 2011); TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2011). After a hearing, the trial court found appellant guilty and the enhancement allegations true in each case and sentenced him to fifty years' imprisonment in each case, with the sentences to run concurrently. *See* TEX. PENAL CODE ANN. § 12.42; TEX. PENAL CODE ANN. § 29.03(a)(2). Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the records present no reversible error and the appeals are without merit and are frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the records and supplying us with references to the record and legal authority. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

In his pro se response, appellant asserts that (1) the weapon he used to commit the robberies should not be considered a "deadly weapon," (2) the trial

court failed to consider his mental condition while committing the robberies, and (3) he had ineffective assistance of counsel.

We independently reviewed the entire record in these appeals, and we conclude that no reversible error exists in the records, there are no arguable grounds for review, and the appeals are frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgments of the trial court and grant counsel's motion to withdraw.[1] Attorney Kurt B. Wentz must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). Any other pending motions are dismissed as moot.

---

[1] Appointed counsel still has a duty to inform appellant of the result of these appeals and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

**PER CURIAM**

Panel consists of Justices Jennings, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).